**Willie Lee JEFFERSON,
Plaintiff—Appellant,**

v.

**Eldon K. MCDANIEL; et al.,
Defendants—Appellees.**

No. 08–16304.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed April 27, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Willie Lee Jefferson, Ely, NV, pro se.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Willie Lee Jefferson, a Nevada state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action challenging his temporary placement in administrative segregation and the medical care he received there. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim, *Huftile v. Miccio–Fonseca,* 410 F.3d 1136, 1138 (9th Cir.2005), and we affirm.

The district court properly dismissed Jefferson's Eighth Amendment claim based on the medical care he received during the eight or nine days he was in administrative segregation because he alleged that he was seen by a psychiatrist during that time, and his allegations do not suggest that the psychiatrist was deliberately indifferent to a serious medical need. *See Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir.2006) ("Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' ").

Jefferson failed to state an Eighth Amendment claim based on the conditions of his confinement because he did not allege sufficient facts indicating that the eight or nine days in administrative segregation "involve[d] the wanton and unnecessary infliction of pain." *Morgan v. Morgensen,* 465 F.3d 1041, 1045 (9th Cir.2006).

The district court properly dismissed Jefferson's procedural due process claim because Jefferson did not allege sufficient facts indicating that the eight or nine days in administrative segregation posed an "atypical and significant hard-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ship." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

To the extent Jefferson raised a substantive due process claim below regarding his administrative segregation, that cause of action also fails to state a claim. *See Robins v. Meecham*, 60 F.3d 1436, 1439 (9th Cir.1995) ("[I]n the context of the prison system, the Cruel and Unusual Punishments Clause affords inmates protection which is at least coextensive with that of the Due Process Clause of the Fourteenth Amendment, a clause which protects the liberty of citizens.").

Jefferson's remaining contentions are unpersuasive.

**AFFIRMED.**

Submitted April 13, 2008.*

Willie Lee Jefferson, Ely, NV, pro se.

